UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- x
The Goldman Sachs Group, Inc. and :
Goldman Sachs & Co. LLC, :
:
                     Petitioners, :
           v. :   Civil Case No. 23-5266
:
Tim Leissner, :
:
                     Respondent. :
----------------------------------- x

## PETITION TO CONFIRM ARBITRATION AWARD

1. This is a petition to confirm an arbitration award entered against Respondent (the "Award") by a duly appointed panel of FINRA arbitrators following proceedings in which all parties participated, presented evidence, made submissions and were represented by counsel. The Award requires that Respondent Tim Leissner ("Leissner") return certain equity-related compensation to Petitioners under the terms of at least fourteen equity compensation agreements entered between February 2002 and January 2015. For the reasons set forth herein, the Award, which has not been paid, should be confirmed, and a judgment entered in favor of Petitioners.

## THE PARTIES, JURISDICTION AND VENUE

2. Petitioner The Goldman Sachs Group, Inc. ("GS Group") is a corporation organized under the laws of Delaware with its principal place of business in New York. Petitioner Goldman Sachs & Co. LLC is a limited liability company formed under the laws of New York with its principal place of business in New York.

3. Upon information and belief, Leissner is a foreign national who is not lawfully admitted for permanent residence in the United States and currently resides in Texas.

4.  This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking confirmation of an award rendered in an arbitration falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), codified as Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, as well as Section 9 of the FAA, 9 U.S.C. § 9.  This action falls under the New York Convention because the underlying arbitration involved a commercial contractual relationship that is not "entirely between citizens of the United States," as Leissner is not a U.S. citizen.  9 U.S.C. § 202.¹  Because the award was made in and decided under the laws of the United States but involves a non-U.S. citizen, it is considered a nondomestic arbitral award over which this Court also has "primary" jurisdiction under the New York Convention.  *CBF Industria de Gusa*, 850 F.3d at 73.

5.  Venue is proper in this District pursuant to 9 U.S.C. §§ 9, 204 because the parties designated by contract any federal (or state) court in this District as the forum for an action to enforce the arbitration award.  (*See* Exhibit A at 16, 43, 62, 67, 70.)

---

¹ *See, e.g.*, *CBF Industria de Gusa S/A* v. *AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017) ("Under Section 202, actions or proceedings that 'fall[ ] under the [New York] Convention' include 'arbitration agreement[s] or arbitral award[s] arising out of a legal relationship, whether contractual or not, which is considered as commercial' between any parties, *unless* both parties are citizens of the United States *and* 'that relationship involves [neither] property located abroad, [nor] envisages performance or enforcement abroad, [n]or has some other reasonable relation with one or more foreign states.'  As the instant case involves non-U.S. citizens—all of the appellants, for example, are Brazilian corporate entities—this case properly falls under Chapter 2 of the FAA as well as under the New York Convention."); *Beijing Shougang Mining Inv. Co.* v. *Mongolia*, 11 F.4th 144, 159 & n.14 (2d Cir. 2021) (same); *Credit Suisse First Boston, LCC* v. *Padilla*, 326 F. Supp. 2d 508, 511 (S.D.N.Y. 2004) (observing that an "employment dispute is commercial in nature" such that it falls under the New York Convention).

**ARBITRATION PROCEEDINGS**

6. Leissner was employed by various GS Group subsidiaries and affiliates both within and outside of the United States from April 1, 1998 until February 23, 2016. During that time, Leissner entered into at least fourteen equity compensation agreements with GS Group between in or about February 5, 2002 and January 27, 2015. Each of those agreements contained arbitration provisions that broadly required that "[a]ny dispute, controversy or claim between the [parties], arising out of or relating to or concerning the [equity compensation agreements], shall be finally settled by arbitration." Copies of the arbitration clauses contained in Respondent's equity compensation agreements are attached as Exhibit A.[2]

7. In January 2019, Petitioners commenced an arbitration against Leissner before FINRA, asserting claims related to Leissner's equity compensation agreements. Six months later, on June 20, 2019, Leissner signed a Submission Agreement, consenting to, among other things, FINRA arbitration as the venue for resolution of the parties' dispute. A copy of the agreement is attached as Exhibit B. The following day, Leissner filed an Answer to Petitioners' Statement of Claim and a Counterclaim.

8. In accordance with FINRA rules, a panel comprised of three arbitrators—Jeffrey Malek, Andrew Levin, and Daniel Brush—was duly appointed. Copies of the letters appointing Messrs. Malek, Brush, and Levin (and their predecessors whom they replaced in accordance with FINRA rules and without objection by the parties) are attached as Exhibits C, D, E, and F, respectively.

---

[2] Specifically, Exhibit A includes copies of The Goldman Sachs Amended and Restated Stock Incentive Plan effective as of 2003, 2008, and 2013, which are otherwise publicly available, as well as excerpts of the Year-End Option Award Agreements for 2001, 2002, and 2008, the Year-End RSU Awards for 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, and 2014, and the Year-End Restricted Stock Award for 2007.

9. The arbitrators conducted the hearing on June 27 and 28, 2022. At the hearing, each of the parties appeared, was represented by counsel, and presented evidence, including testimony from Leissner.

## THE ARBITRAL AWARD

10. On July 27, 2022, "after considering the pleadings, the testimony and evidence presented at the hearing and any post-hearing submissions," the arbitrators issued a unanimous written award (the "Award"), attached as Exhibit G, requiring Leissner to pay $20,670.644 to Petitioners.

11. FINRA Rule 13904 provides that "[a]ll monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction." FINRA notified Leissner of such requirement on September 1, 2022. Nonetheless, Leissner did not move to vacate (or otherwise modify) the Award within the three month period required by 9 U.S.C. § 12, and he has not paid the Award within the 30 days required by FINRA rules.

12. FINRA rules also require that "[a]n award shall bear interest from the date of the award: (1) If not paid within 30 days of receipt . . . . Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s)." Accordingly, Petitioners seek 10 percent interest—the legal rate prevailing in California, "where the Award was rendered" under FINRA rules—to run from August 26, 2022, or at such other rate as the court determines is applicable. *See, e.g.*, *First Capital Real Estate Invs.* v. *SDDCO Brokerage Advisors*, 355 F. Supp. 3d 188, 197 (S.D.N.Y. 2019) (observing that "[t]here is a presumption in favor of prejudgment interest," and that "[p]rejudgment interest is appropriate where the agreement between the parties states that an arbitration decision is final

and binding," and granting prejudgment interest on FINRA arbitration award); Cal. Civ. Code § 3289(b) (providing for 10 percent interest).

WHEREFORE, Petitioners request that this Court enter an Order confirming the Award and directing that judgment be entered in favor of Petitioners.

Dated: June 21, 2023
    New York, New York

*S/ Robert A. Sacks*
Robert A. Sacks
Nicole W. Friedlander
Katherine M. Savarese
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Petitioners*