**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimants</u>                                          <u>Case Number</u>: 19-00231
Goldman Sachs & Co. LLC
The Goldman Sachs Group, Inc.

    vs.

<u>Respondent</u>                                        <u>Hearing Site</u>: Los Angeles, California
Tim Leissner

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Member and Non-Member vs. Associated Person

The evidentiary hearing was conducted by videoconference.

## REPRESENTATION OF PARTIES

For Claimants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. (collectively, "Claimants"): Robert A. Sacks, Esq., Nicole Friedlander, Esq., Anthony J. Lewis, Esq. and Alexa M. Cover, Esq., Sullivan & Cromwell, LLP, Los Angeles, California and New York, New York.

For Respondent Tim Leissner ("Respondent"): Henry E. Mazurek, Esq. and Jason Ser, Esq., Meister Seelig & Fein, LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: January 17, 2019.
Goldman, Sachs and Company signed the Submission Agreement: January 17, 2019.
The Goldman Sachs Group, Inc. signed the Submission Agreement: January 17, 2019.

Statement of Answer and Counterclaim filed by Respondent on or about: June 21, 2019.
Respondent signed the Submission Agreement: June 20, 2019.

## CASE SUMMARY

In the Statement of Claim, Claimants asserted a cause of action for breach of contract. Claimants' claims involve equity compensation paid to Respondent.

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In the Counterclaim, Respondent asserted a cause of action for breach of contract.

In the Answer to the Counterclaim, Claimants denied the allegations made in the Counterclaim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested:
1. Respondent be ordered to repay $20,670,644.00, representing:
    a. the fair market value of Respondent's Restricted Stock Units ("RSUs") and Restricted Stock Awards, determined at the time of delivery for his RSUs and at the time transfer restrictions were removed for his Restricted Stock;
    b. dividend equivalent payments that Respondent received as a result of the Awards; and
    c. for Options exercised by Respondent between 2009 and 2015, the excess of the fair market value of a share of common stock on the exercise date over and above the applicable purchase price;
2. Respondent be ordered to repay any and all amounts earned from dividends paid to Respondent as a result of the Awards;
3. Interest on all amounts owed; and
4. Such other and further relief, including additional money damages and interest, as the Panel may deem just and proper.

In the Statement of Answer and Counterclaim, Respondent requested:
1. The Statement of Claim be, in all respects, dismissed;
2. All FINRA costs and fees in connection with this proceeding be assessed against Claimants;
3. Claimants be ordered to pay:
    a. the fair market value of the outstanding and unvested 2012 RSUs, 2013 RSUs, and 2014 RSUs, which amount shall be determined at the arbitration hearing, but shall be no less than $18,000,000.00;
    b. dividend equivalent payments that Respondent should have received since his retirement on January 20, 2016 from the 2012 RSUs, 2013 RSUs, and 2014 RSUs;
    c. interest on all amounts owed; and
4. Such other and further relief, including additional money damages and interest, as the Panel may deem just and proper.

In the Answer to Counterclaim, Claimants requested:
1. Dismissal of the Counterclaim; and
2. Such additional relief as the Panel deems just and appropriate.

At the hearing, Respondent withdrew his Counterclaim.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On November 11, 2019, Claimants filed a Motion to Bar Defenses and Facts Pursuant to FINRA Rule 13308 ("Motion to Bar Defenses and Facts"). On November 21, 2019, Respondent filed an opposition to the Motion to Bar Defenses and Facts. On November 26, 2019, Claimants filed a reply in support of their motion. By order dated December 2, 2019, the Panel denied Claimants' Motion to Bar Defenses and Facts.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimants the sum of $20,670,644.00 in compensatory damages.

2. Any and all claims for relief not specifically addressed herein are denied.

## FEES

Pursuant to the Code of Arbitration Procedure ("Code"), the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 4,000.00 |
| Counterclaim Filing Fee | =$ 2,250.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Goldman, Sachs and Co. LLC is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 4,025.00 |
| Member Process Fee | =$ 7,000.00 |

**Postponement Fees**
Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| April 20-22, 2020, postponement requested by Respondent | =$ 1,500.00 |

| | |
|---|---:|
| November 9-11, 2020, postponement requested by Respondent | =$ 1,500.00 |
| May 4-7, 2021, postponement requested by Respondent | Waived |
| November 16-19, 2021, postponement requested by Respondent | Waived |
| **Total Postponement Fees** | =$ 3,000.00 |

The Panel has assessed $750.00 of the postponement fees jointly and severally to Claimants.

The Panel has assessed $2,250.00 of the postponement fees to Respondent.

### Contested Motion for Issuance of Subpoena Fees
Fees apply for each decision on a contested motion for the issuance of a subpoena.

| | |
|---|---:|
| One (1) decision on a contested motion for the issuance of a subpoena with one Arbitrator @ $200.00 | =$ 200.00 |
| **Total Contested Motion for Issuance of Subpoena Fees** | =$ 200.00 |

The Panel has assessed the total contested motion for issuance of subpoena fees to Respondent.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) pre-hearing sessions with the Panel @ $1,500.00/session =$ 6,000.00
Pre-Hearing Conferences:
- August 26, 2019    1 session
- December 2, 2019   1 session
- December 18, 2019  1 session
- June 16, 2022      1 session

Four (4) hearing sessions @ $1,500.00/session =$ 6,000.00
Hearings:
- June 27, 2022   2 sessions
- June 28, 2022   2 sessions

**Total Hearing Session Fees** =$ 12,000.00

The Panel has assessed $3,750.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $8,250.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Jeffrey L. Malek | - | Public Arbitrator, Presiding Chairperson |
| Andrew W. Levin | - | Public Arbitrator |
| Daniel R. Brush | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**


*Jeffrey L. Malek*                                  07/27/2022
Jeffrey L. Malek                                    Signature Date
Public Arbitrator, Presiding Chairperson


*Andrew W. Levin*                                   07/27/2022
Andrew W. Levin                                     Signature Date
Public Arbitrator


*Daniel R. Brush*                                   07/27/2022
Daniel R. Brush                                     Signature Date
Non-Public Arbitrator


Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.


July 27, 2022
Date of Service (For FINRA Dispute Resolution Services use only)