UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDMAN SACHS & CO. LLC and THE GOLDMAN SACHS GROUP, INC., <br><br> Petitioners, <br><br> -against- <br><br> TIM LEISSNER, <br><br> Respondent. | Case No. 23-cv-05266 (JLR) <br><br> MEMORANDUM <br> OPINION AND ORDER |

JENNIFER L. ROCHON, United States District Judge:

Petitioners The Goldman Sachs Group, Inc. ("GS Group") and Goldman Sachs & Co. LLC (together, "Petitioners") seek confirmation of an arbitration award (the "Petition") entered in their favor by a panel of arbitrators for the Financial Industry Regulatory Authority ("FINRA"). Respondent Tim Leissner ("Respondent"), Petitioners' former employee, does not oppose the Petition. For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from Petitioners' Petition to Confirm Arbitration Award. *See* ECF No. 1 ("Pet.").

From April 1, 1998 to February 23, 2016, GS Group employed Respondent. Pet. ¶ 6. During that time, Respondent entered into at least 14 equity-compensation agreements with GS Group. *Id.* Each of those agreements contained arbitration agreements requiring that "[a]ny dispute, controversy or claim between the [parties], arising out of or relating to or concerning the [equity-compensation agreements], shall be finally settled by arbitration." *Id.*; *see* Pet. Ex. A at 66, 69, 72-73, 75-76, 78, 80, 82, 84, 86, 88-89, 91, 93, 95, 97.

In January 2019, Petitioners commenced a FINRA arbitration proceeding against Respondent, asserting claims related to the equity-compensation agreements. Pet. ¶ 7. On June

20, 2019, Respondent signed a Submission Agreement, consenting to, among other things, FINRA arbitration as the venue for resolving the parties' dispute. *Id.*; *see* Pet. Ex. B.

On June 27 and June 28, 2022, a panel of three FINRA arbitrators (the "Panel") held a hearing on Petitioners' claims, during which the parties, represented by counsel, presented evidence, including testimony from Respondent. Pet. ¶¶ 8-9. On July 27, 2022, "[a]fter considering the pleadings, the testimony and evidence presented at the hearing and any post-hearing submissions," the Panel unanimously issued a written award requiring Respondent to pay Petitioners $20,670,644. Pet. Ex. G (the "Award") at 3; *see* Pet. ¶ 10.

On September 1, 2022, FINRA notified Respondent of its requirement under FINRA Rule 13904(j) that "[a]ll monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction." Pet. ¶ 11. Respondent has not paid the Award or moved to vacate or modify the Award. *See id.*

On June 21, 2023, Petitioner filed the instant petition, seeking confirmation of the arbitration award pursuant to 9 U.S.C. §§ 9 and 203, as well as an award of interest from the date of the award. Pet. ¶¶ 4, 12. On June 23, 2023, the Court ordered Petitioners to file and serve any additional materials in support of their Petition by July 12, 2023; Respondent to file his opposition, if any, by August 2, 2023; and Petitioners to file their reply, if any, by August 16, 2023. ECF No. 7. Although Respondent was served with the Petition on July 10, 2023, *see* ECF No. 10, he did not file opposition papers or otherwise appear in this case.

## DISCUSSION

### I. Standard of Review

Since "[a]rbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (citation omitted). The Federal Arbitration Act (the "FAA") governs confirmation

of an award rendered in a FINRA arbitration. *Dishner v. Zachs*, No. 16-cv-04191 (LGS), 2016 WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016). Under the FAA, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)); *accord Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021). An award should be confirmed, "despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)). Despite this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would on a motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109. The Court must "determine if [Petitioners] ha[ve] met [their] burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

II. Analysis

The Court finds that summary judgment is appropriate here because Petitioners have demonstrated that there is no material issue of fact in dispute.

Petitioners timely filed the Petition within one year of the July 27, 2022 Award. *See* Award; Pet.; *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). After review of the Petition and supporting exhibits, the Court finds that there is no genuine issue of

3

material fact precluding summary judgment for Petitioners.  As Petitioners note, and Respondent has not disputed, the 14 equity-compensation agreements provided for arbitration of disputes regarding the foregoing, *see* Pet. ¶ 6, Respondent signed a Submission Agreement consenting to FINRA arbitration, *see id.* ¶ 7; Pet. Ex. B, and, "[a]fter considering the pleadings, the testimony and evidence presented at the hearing and any post-hearing submissions," the Panel unanimously issued the Award in favor of Petitioners, Pet. ¶ 10; Award at 3.

Respondent has not challenged any of the material facts upon which the Petition is based.  Nor has Respondent appeared or otherwise opposed the Petition, despite service of the Petition and supporting papers, and ample time to respond.  *See generally* ECF Nos. 10-11.  Based on the record presented, there is more than a "colorable justification" for the Award.  *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797).  And the Court has no basis to infer that the Panel acted outside the scope of its authority in issuing the Award.  Therefore, the undisputed evidence demonstrates that "no material issue of fact remains for trial," and the Court confirms the Award in favor of Petitioners.  *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Petitioners also seek an award of interest from the date of the award.  Pet. ¶ 12.  "Petitioners are entitled to an award of interest as 'an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it.'"  *Kupferberg v. Alt. Wealth Strategies, Inc.*, No. 12-cv-05271 (JMF), 2013 WL 989582, at *3 (S.D.N.Y. Mar. 14, 2013) (quoting *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005)).  FINRA rules – which the parties agreed to follow – provide that "[a]n award shall bear interest from the date of the award . . . [i]f the award is the subject of a motion to vacate which is denied. . . .  Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered."  FINRA Rule 13904(j).

The Award was rendered in California, which provides for an interest rate of ten percent. *See* Award at 1; Cal. Civ. Code § 3289(b). However, "under 28 U.S.C. § 1961, the federal post-judgment interest rate – not the [rate] set by the Award – must apply once the arbitral award has been reduced to a judgment." *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, No. 09-cv-01388 (DAB), 2010 WL 11526887, at *2 (S.D.N.Y. Aug. 25, 2010), *aff'd in part and vacated and remanded on other grounds*, 648 F.3d 68 (2d Cir. 2011). This federal statutory interest rate therefore applies to the Award after the Court's entry of judgment on the Petition.

## CONCLUSION

For the reasons stated above, the Court grants Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

(a) The arbitration award dated July 27, 2022 is confirmed;

(b) Respondent is ordered to pay Petitioners a total of $20,670,644 pursuant to the terms of the Award;

(c) Respondent is ordered to pay Petitioners pre-judgment interest at a rate of ten percent per annum on the amount of the Award from July 27, 2022 until the date of Judgment; and

(d) Respondent is ordered to pay Petitioners interest at the federal post-judgment interest rate pursuant to 28 U.S.C. § 1961(a) from the date of Judgment.

The Clerk of Court is respectfully directed to close the case.

Dated: October 26, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge