UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDMAN SACHS & CO. LLC and THE
GOLDMAN SACHS GROUP, INC.,

                          Petitioners,

        -against-

TIM LEISSNER,

                          Respondent.

Case No. 1:23-cv-05266 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

The Court is in receipt of a letter motion from Petitioners Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Petitioners") asking for a conference to discuss a motion to compel Respondent Tim Leissner ("Respondent") to produce certain documents in discovery. *See* Dkt. 25. The Court received a letter in response from Respondent, *see* Dkt. 29, as well as a letter from Respondent's wife, Kimora Lee (the "Intervenor"), *see* Dkt. 28.

Under this Court's Individual Rules of Practice in Civil Cases, a party must not seek the Court's intervention in a discovery dispute without first "confer[ring] in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Individual Rules, Section 2E. That requirement "does not mean that [the moving party] has merely sent its adversary a letter or email, to which the adversary has not yet responded," but rather that the moving party "will have called its adversary and made efforts to engage in a meaningful dialogue, in an attempt to resolve any discovery issues." *Id*. The Court "will not consider any discovery dispute where the moving party has not satisfied the good-faith conference requirement." *Id*.

The parties represent that, on September 26, 2025, Petitioners served the at-issue discovery requests upon Respondent. Dkt. 25 at 2; Dkt. 29 at 3. Respondent objected to those

requests but, on October 31, 2025, the parties met and conferred regarding his objections. Dkt. 25 at 2-3; Dkt. 29 at 3. On November 25, 2025, Respondent produced "thousands of pages" of documents to Petitioners in response to their requests, Dkt. 25 at 3; Dkt. 29 at 3, and in doing so he withdrew or revised his objections, Dkt. 29 at 3. Petitioners characterize the produced documents as "worthless," and claim that Respondent "otherwise objected" to their requests without asserting a proper basis for his objections. Dkt. 25 at 3. However, Petitioners make no representation that they met and conferred (or attempted to meet and confer) with Respondent concerning the latest purportedly deficient production or remaining objections, and Respondent represents that Petitioners filed their letter-motion without seeking such a meeting. Dkt. 29 at 3. Moreover, the Intervenor contends that Petitioners have also subpoenaed her for many of the same documents and information they seek from Respondent, that she and Petitioners "are in the midst of meeting and conferring over the scope of this subpoena," and that she is actively "searching for potentially responsive documents to determine a proposal to narrow [those] requests." Dkt. 28 at 1.

Based on the foregoing, and pursuant to its Individual Rules, the Court will not entertain the request for a conference until a good-faith meet and confer has been conducted. It appears that the parties have met and conferred in the past, and that those conferences have fruitfully narrowed the scope of Respondent's objections to Petitioners' discovery requests. To the extent Petitioners are dissatisfied with Respondent's recent production of documents and his remaining objections to their requests, the Court's Individual Rules require Petitioners to meet and confer with Respondent in good faith before asking the Court to compel a production or otherwise resolve that dispute. Moreover, the Intervenor's representations suggest that she may be producing documents and information that Petitioners seek from Respondent, which may obviate the need for the Court's intervention or at least limit the issues that remain in dispute.

If the parties are unable to resolve the present dispute after a good-faith meet and confer, Petitioners may promptly renew their request for a conference.  Until that time, the request for a conference is DENIED, and the Clerk of Court is respectfully directed to terminate the motion at Dkt. 25.

Dated: December 5, 2025
      New York, New York

                              SO ORDERED.

                              _____
                              JENNIFER L. ROCHON
                              United States District Judge