UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDMAN SACHS & CO. LLC AND
GOLDMAN SACHS GROUP, INC.,

                              Petitioners,

            -against-

TIM LEISSNER,

                              Respondent.

No. 23-cv-05266 (JLR)

**STIPULATED PROTECTIVE ORDER**

JENNIFER L. ROCHON, United States District Judge:

WHEREAS, on October 26, 2023, this Court entered judgment (the "Judgment") in this action confirming an arbitration award in favor of Petitioners Goldman Sachs & Co. LLC and Goldman Sachs Group, Inc. ("Goldman Sachs") against Respondent Tim Leissner ("Leissner") (Leissner and Goldman Sachs, collectively the "Parties");

WHEREAS, Goldman Sachs is engaged in discovery of Leissner and third parties in aid of efforts to collect the Judgment, which remains unpaid;

WHEREAS, because the discovery requested by Goldman Sachs may involve non-public financial and personal information about Leissner and/or third parties, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that may be produced pursuant to and during the course of such discovery;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles,

information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party.

3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4.    With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter.    During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

5.    If a producing person inadvertently fails to mark discovery material it produces as Confidential but subsequently realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such

3

designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order. For the avoidance of doubt:

a.    Nothing in this Protective Order is intended to limit the protections regarding the inadvertent disclosure of attorney-client privileged information or attorney work product provided under Federal Rule of Evidence 502. Nor is anything in this Protective Order intended to limit the protections regarding the inadvertent disclosure of information protected by any other privilege provided under any other applicable legal authority.

b.    Discovery Material containing non-party personal financial information, tax information, or marital communications may ordinarily be designated as Confidential.

6.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) internal counsel and business personnel at Goldman Sachs involved in overseeing collection of the Judgment, provided that no actual documents produced by Kimora Lee Simmons Leissner (or by Robinson & Co. that relate to Kimora Lee Simmons Leissner) that are designated Confidential shall be provided to Goldman Sachs business personnel without prior consultation with Kimora Lee Simmons Leissner's counsel and an opportunity to object, which may be resolved by the Court if the parties are unable to agree;

(b) outside counsel for the Parties, including their support staff, involved in the day-to-day collection of the Judgment or defense of the same;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that

4

counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the Confidential Discovery Material Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for Goldman Sachs in good faith believes may have information that may assist in the collection of the Judgment, provided such person has first executed the Confidential Discovery Material Non-Disclosure Agreement in the form annexed as an Exhibit hereto, provided that any documents remain only in the custody of counsel for Goldman Sachs and no witness is sent a copy of the document or permitted to retain a copy of a document shown to them by counsel[1];

(g) any person retained by Goldman Sachs to serve as an expert witness or otherwise provide specialized advice to counsel in connection with its efforts to collect the Judgment, provided such person has first executed the Confidential Discovery Material Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

---

[1]    For materials designated as "Confidential" by nonparty Kimora Lee Simmons Leissner, and for any materials designated as "Confidential" by nonparty Robinson & Co. that relate to Kimora Lee Simmons Leissner, Goldman Sachs may only disclose Confidential Discovery Material to witnesses pursuant to Section 6(f) if Goldman Sachs has a good faith basis to believe that the witness already possesses knowledge regarding the information contained therein—for example, that an accountant prepared or had access to the financial information contained in the Confidential Discovery Material in the course of their employment, a financial institution maintains an account referenced in the Confidential Discovery Material, or a person is involved in a transaction identified in the Confidential Discovery Material. If counsel for Ms. Lee has a good faith basis to believe that Confidential Discovery Material has been  used in violation of the Confidential Discovery Material Non-Disclosure Agreement, counsel for Goldman Sachs will discuss such concern in good faith, including if appropriate discussing the scope of any disclosure of such Confidential Discovery Material.

(h) stenographers engaged to transcribe depositions conducted in connection with efforts to collect the Judgment; and

(i) this or any other Court, including any appellate court or other court in which Goldman Sach may have need to engage in efforts to collect the Judgment, and the court reporters and support personnel for the same.

7.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(f) or 6(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Confidential Discovery Material Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms.  Said counsel shall retain each signed Confidential Discovery Material Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

8.      Any Party (or any non-Party who produced material designated as Confidential pursuant to this Protective Order) who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties and/or applicable non-Parties cannot reach agreement promptly, counsel for all Parties and applicable non-Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practice in Civil Cases.

9.      Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the enforcement and collection of the Judgment, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any other business, commercial, or competitive purpose. Except as provided in Paragraph 13 below, the

6

recipients of Confidential Material may not use this material in any judicial, arbitral or other proceeding that is not related to the collection of the Judgment, or in connection with any media inquiry or media investigation. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

10.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will, except to the extent prohibited by law, provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

11.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any

7

motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Unless it files such documents under seal, the Party seeking to file such Confidential Discovery Material agrees to meet and confer with the Producing Party or non-Party before filing any documents designated as Confidential Discovery Material with the Court in this matter or any other matter related to the collection of the Judgment, or quoting from any such materials in a public filing, and file the documents under seal if so requested by the producing Party or non-Party. The producing Party or non-Party will be responsible for making any factual or legal showing required to maintain the documents under seal. The Parties will use their best efforts to minimize such sealing.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

13. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

14. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

8

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

16.    This Protective Order shall survive the collection of the Judgment. Within 30 days of the collection of the full Judgment, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. If a Party or non-Party reasonably determines in good faith that information that they have produced that is designated as "Confidential" is no longer material to the dispute, they may issue a written request to all Parties and/or non-Parties who have received these materials to return or destroy these materials, regardless of whether the Judgment has been collected in full. If the Parties and/or applicable non-Parties cannot promptly reach agreement regarding the return or destruction of this material, counsel for all applicable Parties and non-Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practice in Civil Cases.

17.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18.    Any third party served with a subpoena or other discovery request by Goldman Sach in connection with its efforts to collect the Judgment may provide discovery pursuant to this Protective Order by stating that it is doing so and agreeing to be bound by and comply with the terms of this Protective Order.

**STIPULATED AND AGREED TO:**

Dated:

January 15, 2026

**MEISTER SEELIG & FEIN PLLC**

*Eugene Meyers*

Eugene Meyers
125 Park Avenue, 7th Floor
New York, New York 10017
Telephone: (212) 655-3500
em@msf-law.com]

*Counsel for Respondent Tim Leissner*

-and-

**SULLIVAN & CROMWELL LLP**

Robert A. Sacks
Nicole W. Friedlander
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
sacksr@sullcrom.com
friedlandern@sullcrom.com

*Counsel for Petitioners Goldman Sachs & Co. LLC and Goldman Sachs Group, Inc.*

10

SO ORDERED:

Jennifer L. Rochon
United States District Judge

Dated: January 16, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GOLDMAN SACHS & CO. LLC AND
GOLDMAN SACHS GROUP, INC.,

                      Petitioners,

        -against-

TIM LEISSNER,

                    Respondent.

---

No. 23-cv-05266 (JLR)

**NON-DISCLOSURE AGREEMENT (CONFIDENTIAL DISCOVERY MATERIAL)**

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that when the collection of the Judgment is complete, I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information.

Further, if a Party or non-Party requests the return or destruction of any discovery information pursuant to Paragraph 19 of this Protective Order, then I will return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information, upon the later of the date (a) that the Parties and applicable non-Parties reach agreement that this discovery information may be destroyed or returned; or (b) the Court issues an order compelling the return or destruction of this discovery information.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____           _____