**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
GOLDMAN SACHS & CO. LLC, and THE
GOLDMAN SACHS GROUP, INC.,

                                 Petitioners,

                -against-

TIM LEISSNER,

                                 Respondent.

**23 Civ. 5266 (JLR) (GS)**

**ORDER**

-------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of the parties' joint status letter dated March 20, 2026. (Dkt. No. 64).

It is hereby ORDERED that the Robinson Entities produce any materials requested by Goldman Sachs, and otherwise unobjected to by the Robinson Entities, which might otherwise fall under the purview of 26 U.S.C. § 7216.

The Court declines at this time to set a firm deadline for production either as to Ms. Lee or as to the Robinson Entities. As such, to the extent that Goldman Sachs moves to compel non-parties to make a first phase production by April 10, 2026, or to complete or substantially complete their production by April 17, 2026, that request is DENIED.

The Court cannot say based on this submission whether Goldman Sachs' March 20 counter-proposal to the Robinson Entities is reasonable or whether the Robinson Entities should be ordered to produce all of the documents Goldman Sachs seeks through that proposal. The Court can say, however, that the Robinson

Entities have failed to justify, in this submission, the limitations in their proposal. For example, there is no good reason, or at least none is apparent to the Court, why the Robinson Entities' search should be limited to the thirty-three entities listed in Goldman Sachs' subpoenas, or why documents relating to agreements between Leissner and Lee may not be relevant and proportional to identifying Leissner's assets. Further, to the extent the Robinson Entities are making a burden argument, it would be normal to substantiate that claim with hit counts, to be shared with counsel for Goldman Sachs.

The Court finds it appropriate to hold a conference on these issues. Accordingly, it will separately schedule an in-person discovery conference. In the interim, Goldman Sachs and the non-parties are hereby ORDERED to (1) meet and confer in good faith on these issues, through phone call, video call, or in-person meeting, and (2) file a joint status letter by no later than 3 business days prior to the scheduled conference detailing what issues, if any, remain with respect to document production.

**SO ORDERED.**

DATED:   New York, New York
         April 3, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

2