UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
GOLDMAN SACHS & CO. LLC, and THE
GOLDMAN SACHS GROUP, INC.,

                           Petitioners,

              -against-

TIM LEISSNER,

                           Respondent.
--------------------------------------------------------------------------X

**23 Civ. 5266 (JLR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of non-party Kimora Lee's ("Lee") letter motion to maintain under seal certain portions of her postnuptial agreement with Respondent Tim Leissner ("Leissner").  (Dkt. No. 63).  For the reasons set forth below, Lee's motion is **GRANTED IN PART** and **DENIED IN PART**.

On June 21, 2023, Petitioners Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs") filed a petition to confirm an arbitration award entered against Respondent Leissner, a former Goldman Sachs employee, in the amount of approximately $20 million.  (Dkt. No. 1).  The arbitration award was based on Goldman Sachs' claim that Leissner was required to return certain equity-related compensation he received from Goldman Sachs following his criminal conviction for participating in an international bribery scheme.  (*Id.* ¶ 1; Dkt. No. 14 at 1–2).  After Leissner failed to oppose Goldman Sachs' petition, the Honorable Jennifer L. Rochon confirmed the arbitration award and entered judgment in favor of Goldman Sachs on October 26, 2023.  (Dkt. No.

12).  Leissner has not paid any portion of the judgment, and Goldman Sachs has been engaging in post-judgment discovery in an attempt to locate Leissner's assets. (*See* Dkt. Nos. 14, 25).

As part of those efforts, Goldman Sachs sought discovery from Lee, Leissner's estranged wife, on the theory that she may be in possession of assets wholly or jointly owned by Leissner that could be used to satisfy the judgment against him. (Dkt. No. 34).  In response, Lee objected to the scope of Goldman Sachs' requested discovery on the ground, *inter alia*, that a Postnuptial Agreement between Lee and Leissner designated substantial property as Lee's separate property.  (Dkt. No. 38). This Court held a conference on the issue on February 27, 2026, and, after additional briefing, denied Lee's request, finding that the Postnuptial Agreement was not a basis for limiting Goldman Sachs' discovery from Lee.  (Dkt. No. 62).

In connection with the briefing on this discovery dispute, Lee filed an unredacted version of the Postnuptial Agreement under seal (Dkt. No. 59), while filing a redacted copy of the Postnuptial Agreement on the public docket (Dkt. No. 58).  Lee, through her instant motion, seeks to maintain the redactions to the publicly filed version of the Agreement.  (Dkt. No. 63 ("Mot.")).  Goldman Sachs takes no position on Lee's request.  (*Id.* at 1).

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016).  "[T]he presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence

in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citation omitted).  As a result, motions to seal must be "carefully and skeptically review[ed]" in order to "insure that there really is an extraordinary circumstance or compelling need" to seal the document from public inspection.  *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

"The Second Circuit has articulated a three-part test for determining whether the common law right of public access attaches.*" Forbes IP (HK) Ltd. v. Media Bus. Generators, S.A. de C.V.*, No. 23 Civ. 11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024).  First, the court must determine whether the documents at issue are "judicial documents" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119.  Second, if the documents are judicial documents, the court must determine the weight of the presumption of access.  *See id.*  Third, the court must balance "competing considerations" against the weight of the presumption of access.  *Id.* at 120 (citation omitted).  A "party moving to place documents under seal 'bears the burden of showing that higher values overcome the presumption of public access.'" *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106 (LGS), 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017)).

First, the Postnuptial Agreement is unquestionably a judicial document, as it was used as the basis for Lee's request that this Court curtail discovery as to her assets.  (Dkt. Nos. 54, 60, 62); *see United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  ("[T]he item filed must be relevant to the performance of the judicial

3

function and useful in the judicial process in order for it to be designated a judicial document.").  Lee acknowledges that the Postnuptial Agreement "is a judicial document because it was submitted to this Court in connection with Ms. Lee's recent discovery motion."  (Mot. at 1).

Second, the weight of the presumption of public access "is generally somewhat lower" for documents related to discovery disputes than it would be for documents related to a dispositive motion or those introduced at trial.  *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  "For non-dispositive motions, then, at the third and final step of analysis, 'a court must still articulate specific and substantial reasons for sealing such material, but the reasons usually need not be as compelling as those required to seal summary judgment filings,' trial evidence, or pleadings." *Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025) (quoting *Brown*, 929 F.3d at 178).

Lee invokes her privacy interests as a non-party, along with those of her children, as a countervailing consideration that outweighs the presumption of public access to the redacted portions of the Postnuptial Agreement.  (Mot. at 2).  It is well settled that privacy interests may be a legitimate basis for sealing or redacting judicial documents.  *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("'The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'"); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20 Civ. 10832 (AT), 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) ("[W]ith respect to the personal and financial information of Defendants and certain third

parties, . . . privacy interests justify narrowly tailored redaction."); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19 Civ. 9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.").

Upon review of the redactions to the Postnuptial Agreement, the Court agrees that the cited privacy interests present sufficient countervailing considerations outweighing the presumption of access to the redacted information, with the exception of the redaction of Paragraph 6 of the Agreement.

The redactions throughout the document related to home addresses, information regarding Lee and Leissner's minor children, and provisions regarding estate planning and tax matters may remain redacted, particularly as this information had no bearing on the Court's consideration of Lee's discovery objection. *See In re Celsius Network LLC*, 644 B.R. 276, 292 (Bankr. S.D.N.Y. 2022) ("[T]he Court believes that [non-parties] should redact home addresses . . . to protect the individuals from harassment and identity theft."); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 Civ. 4352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (allowing redactions to "individual contact information, such as . . . home addresses" because "[s]uch information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure"); *Winkler v. Grant*, 370 F. App'x 145, 147 (2d Cir. 2010) ("[T]he court [must] take appropriate action to protect the identities of minors currently named in the record."); *Bredehorn v. Young as Tr.*

5

*of Bredehorn Irrevocable Catastrophic Illness Tr.*, No. 19 Civ. 1010 (SJF) (AKT), 2020 WL 2042391, at \*2 (E.D.N.Y. Apr. 28, 2020) (allowing redactions for, *inter alia*, "tax returns; wills and codicils; trusts; transfer tax returns; powers of attorney; [and] healthcare proxies").

In addition, Schedule A to the Postnuptial Agreement, which is a personal financial statement for Lee, may remain redacted.  "[C]ourts in this Circuit routinely permit parties to redact sensitive financial information[.]" *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at \*9 (S.D.N.Y. Mar. 24, 2020) (collecting cases).  Schedule A sets forth highly detailed and sensitive personal information about Lee's assets and liabilities.  Moreover, the particulars of Lee's assets and liabilities are unnecessary for the public to understand Lee's motion to restrict discovery based on the Postnuptial Agreement. Other redacted provisions of the Postnuptial Agreement, pertaining to releases and indemnities between the parties, while not as sensitive, may remain redacted given the comparatively low weight accorded to the presumption of access on this motion and the immateriality of the provisions to the dispute decided by the Court.[1]

The content of Paragraph 6 on page 6, however, warrants a different analysis.  The Court's March 9 Order specifically referenced Paragraph 6, noting

---

[1] The Court emphasizes that, to the extent this Order sustains certain of the redactions to the Postnuptial Agreement, it does so in the context of the current circumstances relevant to Lee's motion.  Future uses of the Postnuptial Agreement as a judicial document in this case may present different circumstances that might not justify continued redaction of the relevant provisions under Second Circuit law.

that it supported Goldman Sachs' theory that Leissner has transferred his own assets to Lee.  (Dkt. No. 62 at 5–6 & n.4).  This paragraph was thus plainly relevant to Lee's discovery motion and the underlying dispute.  And because this provision already factored into the Court's decision-making on the motion, the public's ability to oversee the judicial process would be impacted by keeping it under seal.  *See Under Seal*, 273 F. Supp. 3d at 472 ("If the public is to understand the nature of the dispute and the reasons for the court's rulings, access to the judicial documents is essential.").

Lee's only argument in favor of redaction of this paragraph is that it pertains to a "provision[] addressing specific assets in which [she] has or may have a financial interest" as between herself and Leissner.  (Mot. at 3).  But Lee does not explain why this need outweighs the presumption of public access, particularly in light of its relevance to the merits of the discovery dispute resolved by the Court.  Further, there are no dollar values in Paragraph 6 or other information triggering a substantial privacy interest.  Indeed, the paragraph is similar in that respect to other provisions of the Postnuptial Agreement which were not redacted.  (*See* Dkt. No. 58 ¶ 7).  Accordingly, although the presumption of public access is lower in this circumstance, Lee has not met her burden of showing a higher value which warrants sealing as to Paragraph 6.

For these reasons, the motion to seal is **GRANTED IN PART** and **DENIED IN PART**.  Counsel for Lee is instructed to refile the Postnuptial Agreement

7

without the redaction to Paragraph 6.  The Clerk of Court is respectfully directed to close the open motion at Docket Number 63.

      **SO ORDERED.**

DATED:    New York, New York
          May 29, 2026

                                              The Honorable Gary Stein
                                            United States Magistrate Judge

8