UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDMAN SACHS & CO. LLC and THE GOLDMAN SACHS GROUP, INC.,

Petitioners,

-against-

TIM LEISSNER,

Respondent.

Case No. 1:23-cv-05266 (JLR) (GS)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Third-Party Movants LY Holdco Management LLC, Rapid Final Mile LLC, Rapid Logistics Couriers LLC, Rapid Medical Logistics LLC, and Triple Y Capital LLC (together, "Movants") object under Federal Rule of Civil Procedure ("Rule") 72(a) to Magistrate Judge Stein's order dated September 9, 2026, Dkt. 130 (the "September Order"). *See* Dkt. 135. For the following reasons, Movants' objection is OVERRULED.

## BACKGROUND

On June 21, 2023, Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. (together, "Petitioners") petitioned to confirm an arbitration award against their former employee, Tim Leissner ("Respondent"). Dkt. 1. The Court granted the unopposed petition on October 26, 2023, Dkt. 12, and the Clerk of Court entered a judgment that same day ordering Respondent to pay Petitioners over $20,000,000, Dkt. 13.

On February 11, 2026, the Court referred this case to Magistrate Judge Stein for all post-judgment discovery disputes. Dkt. 49. Since then, discovery has revealed that Respondent previously "transferred large sums of money into accounts and investments" associated with his then-wife, Kimora Lee ("Lee"). *Goldman Sachs & Co. LLC v. Leissner*, No. 23-cv-05266 (JLR) (GS), 2026 WL 657166, at *3 (S.D.N.Y. Mar. 9, 2026). Likewise, Lee has invested in and

loaned Movants millions of dollars during her relationship with Joseph Yemeni, a "principal" of each Movant entity. Dkt. 136-1 ("Tr.") at 8:20-9:23, 13:1-10, 20:22-25; *see also* September Order at 4-5. As relevant to the instant dispute, Lee explained during her deposition that she permits Yemeni to charge expenses to the Movants on Lee's personal credit card so that she may "accrue the [credit card] points," and Yemeni subsequently pays her back. Dkt. 148-1 ("Ex. A" or "Exhibit A") at 267:20-268:14; *see also* Tr. at 19:11-19. Lee could not explain the nature of the charges Yemeni made to her credit cards or why Yemeni made them. *See* Ex. A at 270:22-271:17, 271:22-272:6.

On July 21, 2026, Petitioners subpoenaed Movants seeking, among other things, discovery about those credit card payments. *See* Dkt. 109-1 at 12 (requesting "Documents and Communications relating to the purpose of credit charges made by Leissner and/or Lee," to Movants "and/or Joseph Yem[e]ni"); *see also* Dkts. 109-2–5 (same). On August 18, 2026, Movants sought to quash the subpoenas. Dkt. 109. On August 21, 2026, Petitioners filed a letter in response. Dkt. 117. After a discovery conference, Magistrate Judge Stein issued the September Order limiting the temporal scope of the subpoenas but otherwise denying Movants' motion quash.[1] September Order at 9.

On September 23, 2026, Movants timely objected to the September Order. Dkts. 135-36 ("Objection" or "Obj."). Although the subpoenas sought discovery as to other financial transactions between Movants and Lee, Movants only challenge Magistrate Judge Stein's "finding that evidence of Movants' Credit Card Payments — monies that never went from [Respondent] or Lee to Movants, and that in fact, never even went to Lee — is reasonably

[1] Relatedly, Movants also moved to quash a subpoena issued to Movants' bank, City National Bank, Dkt. 106-1, which Magistrate Judge Stein ordered held in abeyance pending Movants' productions, *see* September Order at 9.

calculated to lead to the discovery of assets belonging to or derived from [Respondent]." *Id.* at 6. On October 7, 2026, Petitioners filed their response. Dkts. 145-46 ("Opposition" or "Opp."); Dkts. 148-49 ("Sacks Decl."). The Objection is fully briefed.

The parties also filed two sealing motions in connection with their briefing. Movants seek leave to file their Objection in redacted form, Dkt. 134, and Petitioners seek leave to file a redacted Opposition and to seal certain accompanying exhibits, Dkt. 144.

## LEGAL STANDARD

"Matters concerning discovery generally are considered nondispositive of the litigation." *SEC v. Collector's Coffee Inc.*, No. 19-cv-04355 (VM), 2021 WL 391298, at *1 (S.D.N.Y. Feb. 4, 2021) (internal quotation marks omitted) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). In reviewing a magistrate judge's decision on nondispositive matters, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Clerveaux v. E. Ramapo Cent. Sch. Dist.*, 984 F.3d 213, 228 (2d Cir. 2021) (internal quotation marks and citation omitted). "A magistrate judge's ruling is contrary to law when 'it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-cv-07996 (JLR) (OTW), 2024 WL 1574026, at *1 (S.D.N.Y. Apr. 11, 2024) (quoting *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)).

## DISCUSSION

### I. Movants' Objection

Movants contend the September Order "compel[ling] discovery into Movants' mere paying down of Lee's credit-card balances . . . is clearly erroneous and contrary to law" as "it

transgresses the bounds of permissible post-judgment discovery from nonparties like Movants under Rule 69(a)(2), ignores that Petitioners utterly failed to carry their burden under Rule 45 of establishing the relevance of the [payments] to Petitioners' search for [Respondent]'s assets, and does not grapple with the undue burden" imposed on Movants. Obj. at 7 (emphasis omitted). These arguments are without merit.

Magistrate Judge Stein correctly ordered post-judgment discovery that is permissible under Rule 69(a)(2). "[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014). "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Although "a court must limit [post-judgment] discovery to the extent that it would be unreasonably cumulative or duplicative, or would involve an undue burden," *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp.*, No. 16-mc-00340 (CM), 2016 WL 6208288, at *3 (S.D.N.Y. Oct. 18, 2016) (internal quotation marks and citation omitted), "the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets," *Gujarat State Petrol. Corp. v. Republic of Yemen*, No. 19-mc-00547 (RA), 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (citation omitted). "Those related matters may include information relevant to the existence or transfer of the judgment debtor's assets, as well as the location and source of those assets." *Id.* (citation modified).

"It is not uncommon to seek asset discovery from third parties . . . that possess information pertaining to the judgment debtor's assets." *EM Ltd.*, 695 F.3d at 207; *see also Universitas Educ., LLC v. Nova Grp.*, No. 11-cv-01590 (LTS) (HBP), 2013 WL 57892, at *6

(S.D.N.Y. Jan. 4, 2013) ("Because the scope of Rule 69 discovery includes any information reasonably calculated to lead to the discovery of a judgement debtor's assets, it may necessarily be aimed at non-parties who have information, including financial records, related to those assets."). "Inquiry into the assets of a non-party is only permitted where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt as to the bona fides of the transfer of assets between them." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07-cv-03219 (PKC) (DF), 2012 WL 1933558, at *5 (S.D.N.Y. May 22, 2012) (internal quotation marks and citation omitted).

Therefore, Petitioners' request is within the bounds of reasonable post-judgment discovery and is also relevant to the instant dispute under Rules 26 and 45. "A subpoena issued pursuant to Federal Rule of Civil Procedure 45 must meet Federal Rule of Civil Procedure 26(b)(1)'s overriding relevance requirement and may be quashed by [a c]ourt for failure to do so." *McGlade v. MMA Glob. Holdings, Corp.*, No. 22-cv-04637 (LJL), 2022 WL 17812662, at *2 (S.D.N.Y. Dec. 12, 2022) (internal quotation marks and citation omitted). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03-cv-05560 (RMB) (HBP), 2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008). The discovery ordered meets this standard.

The record makes clear that Respondent has transferred millions of dollars to Lee, who, in turn, has engaged in extensive financial dealings with Yemeni through Movants. True, the challenged credit card payments involve the transfer of funds by Movants to banks that issue Lee's cards rather than the direct transfer of funds from Lee to others. However, these payments were not made in a vacuum. Learning more about the nature of these dealings in the course of

Lee's broader financial entanglements with Yemeni and Movants is sufficiently relevant to satisfy the lenient standard here. *See Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21-cv-09221 (KPF), 2024 WL 262741, at *2 (S.D.N.Y. Jan. 24, 2024) ("In cases involving the scope of a subpoena of a third-party witness seeking information in aid of satisfying a judgment, the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets." (internal quotation marks and citation omitted)), *appeal dismissed sub nom. Huzhou Huirongsheng Equity Inv. P'ship v. Qin*, No. 24-595, 2024 WL 5445027 (2d Cir. May 8, 2024). This is especially so given the unusual nature of these credit card transactions and Lee's inability to explain them. *See GMA*, 2012 WL 1933558, at *5 ("Inquiry into the assets of a non-party is only permitted where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt as to the bona fides of the transfer of assets between them." (internal quotation marks and citation omitted)).

Finally, as to Movants' burden, they insist that post-judgment creditors should not be given free rein to seek expansive discovery, and the Court agrees that a post-judgment creditor may not engage in an overly broad "fishing expedition" and must instead craft "requests appropriately, in order to foster compliance and to achieve its ultimate goal, to wit, having its judgment satisfied." *D'Avenza S.p.A. In Bankr. v. Garrick & Co.*, No. 96-cv-0166 (DLC) (KNF), 1998 WL 13844, at *3 (S.D.N.Y. Jan. 15, 1998); *see, e.g.*, *Saadeh v. Kagan*, No. 20-cv-01945 (PAE) (SN), 2025 WL 1442713, at *3 (S.D.N.Y. May 20, 2025) (concluding post-judgment subpoena against a defendant's wife was overbroad because it "inquire[d] broadly regarding her residential history, joint finances with [the defendant], individual finances, personal insurance plan, real estate investments, furniture, will and testament, conveyances, ability to pay for living expenses, and income taxes"). That said, Petitioners have crafted an

appropriate request under these circumstances, and Movants have failed to demonstrate an undue burden.

Accordingly, the September Order was not clearly erroneous or contrary to law.

## II. Motions to File in Redacted Form and Under Seal

The Court turns now to the parties' motions to file their briefs in redacted form and Petitioners' motion to seal certain exhibits. *See* Dkts. 134, 144.

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access[.]" *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020)); *see also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004) (recognizing the public's "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents"). However, "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (internal quotation marks and citation omitted).

In *Lugosch v. Pyramid Company of Onondaga*, the Second Circuit articulated a three-step test for district courts to decide whether a filing may be filed with redactions or remain under seal. 435 F.3d 110, 119-20 (2d Cir. 2006); *see McSweeney v. Cohen*, No. 24-cv-01503 (LJL), 2024 WL 3460985, at *1 (S.D.N.Y. July 18, 2024) (recognizing applicability of *Lugosch* to filing documents in redacted form). First, the Court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the Court "determine[s] the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

federal courts." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Lastly, the Court is directed to weigh the presumption of public access attached to the document against the countervailing factors, such as the privacy interests of those resisting disclosure. *Id.* at 120.

As to the first step of the analysis, "[i]n order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal quotation marks and citation omitted). In classifying "judicial documents," courts in this District distinguish between briefs and their accompanying exhibits. For example, courts have held that "[e]xhibits attached to parties' briefing for discovery disputes are typically non-judicial documents that may be filed under seal." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-03143 (SHS) (OTW), 2025 WL 3697877, at *3 (S.D.N.Y. Dec. 19, 2025); *see also In re Tether & Bitfinex Crypto Asset Litig.*, No. 19-cv-09236 (KPF), 2026 WL 178808, at *2 (S.D.N.Y. Jan. 21, 2026) ("While the Second Circuit has not explicitly ruled on this issue, this Court has previously found that documents and information submitted to the Court in connection with discovery-related disputes are not judicial documents."); *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) ("[A]t least one court in this District has held that 'discovery materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access.'" (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013))), *objections overruled*, No. 15-cv-05236 (LTS) (KHP), 2017 WL 5054727 (S.D.N.Y. Nov. 2, 2017). Under this reasoning, "[e]ven when the Court assesses such documents in the context of a discovery motion, the documents remain non-judicial." *Nichols v. Noom Inc.*, No. 20-cv-03677 (LGS) (KHP), 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021).

As to briefs or other court documents that reference exhibits, courts recognize that "motions that contain or summarize information contained in such exhibits . . . are judicial documents to which the presumption of public access may apply." *In re OpenAI*, 2025 WL 3697877, at *3 (citation modified); *Authors Guild v. OpenAI Inc.*, Nos. 23-cv-08292 (SHS) (OTW) et al., 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025) ("While the exhibits themselves are clearly not judicial documents, the letter motions, briefs, and declarations to which such exhibits are attached may be judicial documents to which the presumption of public access may apply." (internal quotation marks and citation omitted)). Those courts may still permit "redacting portions of such letter motions that reference information passed between the parties in discovery where the documents referenced have been designated as confidential under a protective order is appropriate." *In re OpenAI*, 2025 WL 3697877, at *3 (internal quotation marks and citation omitted); *accord Authors Guild*, 2025 WL 66500, at *2. Thus, the Court concludes that the parties' briefs are judicial documents but the discovery exhibits that are at issue here are not.

Proceeding to the second analytical step, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The Court acknowledges that "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser — but still substantial — presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *see also In re Arida, LLC*, No. 19-mc-00522 (PKC), 2020 WL 8513844, at *1 (S.D.N.Y. Dec. 23, 2020) ("Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, but documents filed in connection with other non-

dispositive motions, including discovery motions, are subject to a still substantial presumption of public access." (internal quotation marks omitted)).

Finally, the Court must weight that presumption of public access against "countervailing factors," including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120. As relevant here, the Second Circuit has repeatedly held that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (alterations adopted) (citation omitted); *accord Olson*, 29 F.4th at 91. Indeed, courts in this District are highly wary of disclosing private information belonging to non-parties. *See, e.g.*, *United States v. Wey*, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) (concluding "sensitive medical, financial, educational, and other personal information pertaining to non-parties . . . outweigh[s] any public interest in disclosure").

The Court concludes, however, that this privacy interest is not absolute insofar as some of this information was highly "relevant" to the Court's reasoning in resolving this dispute. *Brown*, 929 F.3d at 49. Specifically, portions of Lee's deposition testimony revealed the nature of the credit card transactions and their relevance to the instant dispute. *See* Ex. A at 267:20-268:14, 270:22-271:17, 271:22-272:6. Although Petitioners rely on the Stipulated Amended Protective Order, Dkt. 85, the existence of a protective order for discovery does not provide sufficient grounds to seal. "That a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 1-md-02542 (VSB) & 14-mc-02542 (VSB), 2023 WL 196134, at *5 (S.D.N.Y. Jan. 17, 2023) (alteration adopted) (quoting *Doe v. U.S. Immigr. & Customs Enf't*, No. 19-cv-08892 (AJN), 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021)); *see Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015) ("Thus, even if material is properly designated as Confidential or Highly

Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."). Indeed, Rule 4(B)(ii) of the Court's Individual Rules of Practice in Civil Cases provides that, "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents."

In sum, the public must have access to the portions of the parties' filings that the Court relied upon in its analysis. Accordingly, Petitioners are instructed to refile copies of Exhibit A, Dkt. 148-1, and the redacted Opposition, Dkt. 146, with the portions of Lee's deposition testimony specifically cited by the Court in this Opinion unredacted. Given the non-parties' strong privacy interest and the otherwise tailored scope of the remaining proposed redactions and sealings, the remaining portions of the parties' briefs and Petitioners' exhibits, Dkts. 136, 146, 149, may remain redacted or sealed, as applicable. *See SEC v. Telegram Grp. Inc.*, No. 19-cv-09439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("In light of the weight of the presumption afforded to documents supporting non-dispositive motions and the importance of these non-party interests, the Court finds that sealing portions of the relevant exhibits is appropriate . . . [and the] proposed redactions are narrowly tailored to protect the specific interests of the non-parties.").

## CONCLUSION

For the foregoing reasons, Movants' objection to Magistrate Judge Stein's September Order is OVERRULED.

Movants' motion to file materials in redacted form is GRANTED. Petitioners' motion to file materials in redacted form and under seal is GRANTED in part and DENIED in part.

Petitioners shall file redacted copies of Dkt. 146 and Dkt. 148-1 consistent with this Court's instructions by **November 5, 2026**.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 134, 135, 136, and 144.

Dated: October 29, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge